# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Carl Potter,

    Plaintiff,

    v.

Verizon Communications Inc. et al.,

    Defendants.

Civil Action No.:  BAH-24-1856

## MEMORANDUM AND ORDER

Plaintiff Carl Potter ("Plaintiff") filed the above-captioned complaint *pro se* together with a motion for leave to proceed in forma pauperis, ECF 2, which shall be granted.

Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismissal of any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020).  The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").  Here, the Court concludes that the complaint is frivolous and that the Court lacks subject matter jurisdiction over Plaintiff's claims.

This Court lacks subject matter jurisdiction over "obviously frivolous" claims. *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (quoting *Hannis Distilling Co. v. Baltimore*, 216 U.S. 285, 288 (1910)); *see also Mallard v. U.S. Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307–08 (1989) (noting court authority to dismiss frivolous claims exists even in the absence of a statutory provision providing such authority); *Alexander v. Dep't of Army*, Civ. No. DLB-21-2285, 2021 WL 4417080, at *1 (D. Md. Sept. 24, 2021) (listing cases), *aff'd sub nom.*, *Alexander v. Dep't of the Army*, No. 21-2131, 2021 WL 6101837 (4th Cir. Dec. 22, 2021), *cert. denied*, 143 S. Ct. 98 (2022). For a patently frivolous complaint, "dismissal prior to service of process is permissible" as the Court lacks subject matter jurisdiction over the action. *Smith*, 616 F. App'x at 90; *Chong Su Yi*, 554 F. App'x at 248; *Ross*, 493 F. App'x at 406. To determine if a claim is frivolous, this Court may "apply common sense." *Nasim v. Warden,* 64 F.3d 951, 954 (4th Cir. 1995) (en banc).

Plaintiff brings suit against Verizon Communications Inc. ("Verizon") and its Chief Financial Officer, Tony Skiadas. ECF 1, at 1. Plaintiff alleges that he entered into a contract with Verizon for monthly cell phone and Internet services totaling between $185 and $325 a month. *Id.* at 2. From the best the Court can tell, Plaintiff claims that because he paid for his monthly phone and Internet services on credit, he is now a creditor of Verizon and that Verizon is responsible for paying interest.[1] *See id.* at 2 ("Plaintiff who is the Applicant/Principal/Creditor instructing the Defendant of the Plaintiff letter of Claim to Interest and how to handle the Plaintiff accounts seeing that the Defendant sole responsibility is to pay interest, manage the accounts of the Plaintiff, and uphold their fiduciary duties upon receiving Plaintiff signed contract to obtain credit and pay interest."), at 4 ("Defendant is nothing more than the middle party between Creditor (Plaintiff) and

---

[1] It is not clear from the complaint on what the interest is accruing.

2

the Federal Reserve.").[2]   Plaintiff purports to bring claims pursuant to the United States Constitution, the Bills of Exchange Act 1882, Section 16 of the Federal Reserve Act, *Bank v. Lanier*, 78 U.S. 369 (1870), 12 U.S.C. § 1431, 15 U.S.C. § 1601, 15 U.S.C. § 1605, the  Truth in Lending Act, 18 U.S.C. § 8, 18 U.S.C. § 914, Sections 13D and 15D of the Securities Exchange Act of 1934, Uniform Commercial Code § 3-302, and Fed. R. Evid. 1002.  *See*  ECF 1-2, at 3.

Plaintiff cites the "Bills of Exchange Act 1882" as the mechanism that converted the contract for services to a promissory note.[3]  *See id.* at 2.  However, as other courts have recognized, the United States Congress has never passed a statute by that name. *See Wilson v. Dominion Energy*, Civ. No. 3:23-4973-SAL-SVH, 2023 WL 7923926, at *4 (D.S.C. Oct. 25, 2023) (noting that the United Kingdom Parliament enacted a Bills of Exchange statute in 1882), *report and recommendation adopted*, No. 3:23-CV-04973-SAL, 2024 WL 2269452 (D.S.C. May 20, 2024). Rather, courts have regularly dismissed complaints invoking the Bills of Exchange Act as each invariably has been deemed frivolous.  *See Thomas v. Fam. Sec. Credit Union*, Civ. No. 23-00222-TFM-B, 2024 WL 478070, at *6 (S.D. Ala. Jan. 17, 2024) (collecting cases noting that the "Bills of Exchange Act 1882" is a statute commonly cited by so-called sovereign citizens but which was

---

[2] Plaintiff also accuses Verizon of impermissibly selling the contract to a third party without his permission.  *See* ECF 1, at 9 ("Defendant has no grounds to pursue funds from the Plaintiff, when they sold Plaintiff contract/application as a security. You cannot pursue something that you no longer HAVE THE LEGAL GROUNDS TO." (capitalization in original)).  He further notes that "Defendant is the acting middle person between Plaintiff and the Credit borrowed for the use of the Plaintiff. Yet Defendant holds Plaintiff liable to pay for the amount listed on the contract."  *Id.* at 5.  Based on these allegations, one plausible inference is that Plaintiff has not paid the contract amount he owes for the services provided by Verizon, and that, as a result, Verizon sold the debt to a collections agency.

[3] Another possible reading of the complaint is that Plaintiff attempted to pay his cell phone and internet bill using bills of exchange, which Plaintiff then asserts Verizon had an obligation to "obtain credit and pay interest."  ECF 1, at 2.  This theory of recovery is equally as frivolous.

never enacted by the United States Congress), *report and recommendation adopted*, No. 1:23-CV-222-TFM-B, 2024 WL 474837 (S.D. Ala. Feb. 7, 2024)

Though Plaintiff's complaint never uses the words "sovereign citizen," the legal theory he advances as a basis for relief reflects sovereign citizen ideology—specifically the "redemption" theory, which sovereign citizens use to "defraud banks, credit institutions and the U.S. government." *See* FBI's Counterterrorism Analysis Section, *Sovereign Citizens: A Growing Domestic Threat to Law Enforcement*, Fed. Bureau Investigation (Sept. 1, 2011), https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement; *see also Wilson*, 2024 WL 2269452, at *2 ("In numerous cases where a plaintiff . . . included documents such as a 'durable power of attorney,' courts have continuously recognized these complaints as 'rooted in sovereign citizen ideology.'" (quoting *Anderson v. Navy Federal Credit Union*, Civ. No. 3:23-05506-DGE, 2023 WL 6481518, at *3 (W.D. Wash. Oct. 5, 2023))); ECF 1-3 (document entitled "Durable Power of Attorney").

Courts around the country have repeatedly dismissed as frivolous similar claims purportedly brought pursuant to the same statutes (and constitutional provisions) Plaintiff cites. *See, e.g.*, *Wilson*, 2024 WL 2269452, at *2; *Thomas*, 2024 WL 478070, at *6; *Slaughter v. US Cellular*, No. 23-CV-1642-PP, 2023 WL 9051307, at *4 (E.D. Wis. Dec. 29, 2023); *Harp v. Police & Fire Fed. Credit Union*, Civ. No. 23-2577, 2023 WL 5152625, at *3–4 (E.D. Pa. Aug. 10, 2023); *Barnes v. Santander Consumer USA, Inc.*, C/A No. 3:22-02184, 2023 WL 2585537, at *4 (N.D. Ohio Mar. 21, 2023); *White v. Lake Union Ga Partners LLC*, No. 1:23-CV-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023), *appeal dismissed sub nom. White v. Tiernan*, No. 23-12932, 2023 WL 6807538 (11th Cir. Oct. 16, 2023), *and appeal dismissed sub nom. White v. Abromovitz*, No. 23-12973, 2023 WL 6876531 (11th Cir. Oct. 18, 2023), *and appeal dismissed*

*sub nom. White v. Boehm*, No. 23-13108, 2024 WL 1744253 (11th Cir. Apr. 23, 2024).  The Court

sees no reason to deviate from the sound reasoning of these cases and finds Plaintiff's complaint

frivolous.  As such, the Court lacks subject matter jurisdiction over the complaint.

Accordingly, it is this 12th day of August, 2024, by the United States District Court for the

District of Maryland, hereby ORDERED that:

1.  The complaint IS DISMISSED as frivolous;

2.  The motion to proceed in forma pauperis, ECF 2, is GRANTED;

3.  The Clerk SHALL provide a copy of this Order to Plaintiff; and

4.  The Clerk SHALL CLOSE this case.

_____/s/_____
Brendan A. Hurson
United States District Judge